# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ISSA B. CONTEH,**

    **Petitioner,**                        **CASE NO. 2:08-cv-119**
                                      **CRIM. NO. 2:03-cr-140**
    **v.**                                **JUDGE GRAHAM**
                                      **MAGISTRATE JUDGE KING**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## OPINION AND ORDER

On October 20, 2009, after conducting an evidentiary hearing, the Magistrate Judge issued a *Report and Recommendation* recommending that petitioner's sole remaining claim, *i.e.,* that his trial counsel was ineffective because he failed to advise petitioner to plead guilty, be dismissed. *Report and Recommendation*, Doc. No. 209. This matter is now before the Court on petitioner's objections to that *Report and Recommendation*, which the Court will consider *de novo*. *See* 28 U.S.C. §636(b); F.R.Civ.P. 72(b). For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

Petitioner objects to the Magistrate Judge's finding that petitioner's trial attorney, Jonathan Tyack, Esq., discussed with petitioner the terms of the plea agreement that had been negotiated by petitioner's former counsel, Assistant Public Defender Gordon Hobson. Petitioner also objects to the Magistrate Judge's finding that petitioner rejected – and communicated that fact to his trial counsel – any plea agreement that would result in his

deportation. Finally, petitioner objects to the Magistrate Judge's conclusion that petitioner's sole remaining claim, and this action, be dismissed.

Tyack testified repeatedly at the evidentiary hearing that he and petitioner discussed the terms of the plea agreement offered by the government, and considered the anticipated sentencing ramifications of that plea agreement in comparison to the anticipated sentence should petitioner be convicted after a trial. *See, e.g., Transcript*, pp. 6, 13, 25, 33, 35, Doc. No. 211. Petitioner nevertheless maintained his innocence on the charges against him and insisted that he wanted to avoid prison and its consequent deportation. *Id.*, pp. 11-12.

> [Petitioner] made it very clear... that he was hiring me to go to trial and to take the matter to a jury and to argue that he was not guilty of these charges.

*Id.*, p. 12.

> [I]t was a situation where if he had entered a plea, it was pretty certain that he would go to prison and then pretty certain that he would be deported, and that conversation was held between myself and Mr. Conteh, although we did not actually have a document out going over it at the time.

*Id.*, p. 13.

> . . . I remember talking to him about how his guideline range was not going to be that much more . . . than the three years that he would have been looking at with a plea. . . . But, anyway, the point was made to me by Mr. Conteh that whether it was three years, four years, two years, seven years, it didn't matter. He couldn't go to prison, he couldn't have the felony, he couldn't be deported.

*Id.*, p. 14.

Tyack knew that Hobson, the attorney originally appointed to represent petitioner and who had negotiated the plea agreement eventually offered by the government, had recommended that petitioner "think long and hard about taking the plea offer that had been made." *Id.*, p. 23. However, petitioner did not like the terms of the government's plea offer, *id.,* pp. 44, 50, and nothing in the record suggests that the government was willing to offer more favorable terms.

This Court agrees that petitioner has failed to establish that his attorney's performance was inadequate or that he was prejudiced thereby. *See Strickland v. Washington*, 466 U.S. 668 (1084); *Humphress v. United States*, 398 F.3d 855, 859 (6th Cir. 2005).

Therefore, for the foregoing reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation,* petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

**THE CLERK SHALL ENTER FINAL JUDGMENT.**

**It is so ORDERED.**

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

**DATE**: October 30, 2009